IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LARAINE HARRIS and ERIC MATTEA, On behalf of themselves and all other persons similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> D. SCOTT CARRUTHERS & ASSOC., REGENT ASSET MANAGEMENT SOLUTIONS, and UNITED CREDIT MANAGEMENT CORP., <br><br> Defendants. | Case No. 09-CV-0154-LES-FG3 <br><br> ANSWER OF DEFENDANTS D. SCOTT CARRUTHERS & ASSOCIATES AND REGENT ASSET MANAGEMENT SOLUTIONS TO PLAINTIFFS' AMENDED COMPLAINT |

COME NOW, Defendants D. Scott Carruthers & Associates ("Defendant Carruthers") and Regent Asset Management Solutions ("Defendant Regent") (collectively, the "Defendants") and, for their Answer to the Amended Complaint filed by Plaintiffs, admit, deny, and aver as follows:

## JURISDICTION

1.      Paragraph 1 contains legal conclusions that are not subject to admission or denial; to the extent a response is required, Defendants deny the same.

2.      Responding to the allegations in paragraph 2, Defendants expressly deny that they have committed any violation of the Fair Debt Collections Practices Act ("FDCPA") or the Nebraska Consumer Protection Act ("NCPA"). Defendants are without knowledge or sufficient information to admit or deny whether Plaintiffs are residents of this judicial district. The remaining allegations in paragraph 2 contain legal conclusions that are not subject to admission or denial; to the extent a response is required, Defendants deny the same.

## PARTIES

3. Responding to the allegations in paragraph 3, Defendants are without knowledge or sufficient information to admit or deny whether Plaintiffs currently reside in Omaha, Nebraska. The remaining allegations in paragraph 3 contain legal conclusions that are not subject to admission or denial; to the extent a response is required, Defendants deny the same.

4. Responding to the allegations in paragraph 4, Defendant Carruthers admits that it is a California law firm and has represented Defendant Regent. Defendant Carruthers also admits that a portion of its business is related to the recovery of debts. Defendants expressly deny "the actions challenged in this lawsuit." The remaining allegations in paragraph 4 contain legal conclusions that are not subject to admission or denial; to the extent a response is required, Defendants deny the same.

5. Responding to the allegations in paragraph 5, Defendants admit certain letters were sent to Nebraska debtors. The remaining allegations in paragraph 5 contain legal conclusions that are not subject to admission or denial; to the extent a response is required, Defendant Carruthers denies the same. Defendant Regent is not required to respond to the allegations in paragraph 5 because the allegations are not directed against it; to the extent a response is required, Defendant Regent denies the same.

6. Responding to the allegations in paragraph 6, Defendant Regent denies that it is a corporation located in Dallas, Texas. Defendant Regent admits that a portion of its business is related to the recovery of debts. The remaining allegations in paragraph 6 contain legal conclusions that are not subject to admission or denial; to the extent a response is required, Regent denies the same. Defendant Carruthers is not required to respond to the allegations in paragraph 6 because the

allegations are not directed against it; to the extent a response is required, Defendant Carruthers denies the same.

7. Responding to the allegations in paragraph 7, Defendant Regent admits that a portion of its business is related to the purchase of consumer debts from original creditors that are delinquent when acquired by Defendant Regent. Defendant Carruthers is not required to respond to the allegations in paragraph 6 because the allegations are not directed against it; to the extent a response is required, Defendant Carruthers denies the same.

8. The allegations in paragraph 8 are not directed to these Defendants, and a response is therefore not required.

9. The allegations in paragraph 9 are not directed to these Defendants, and a response is therefore not required.

10. Responding to the allegations in paragraph 10, Defendants expressly deny the commission of any act which allegedly caused any injury to the Plaintiffs or any purported class. Defendants expressly deny all other characterizations and allegations in paragraph 10.

11. Responding to the allegations in paragraph 11, Defendants state that the allegations asserted by Plaintiffs would not be within the scope, purpose, or authority of Defendants' or Defendants' employees' (or other alleged representatives') employment, nor would the allegations asserted by Plaintiffs be undertaken with the permission, knowledge, consent or ratification of the Defendants.

## FACTUAL ALLEGATIONS

12. Responding to the allegations in paragraph 12, Defendants admit that a letter was sent relating to a debt to Plaintiff Harris. All other remaining allegations and characterizations are expressly denied.

13. Responding to the allegations in paragraph 13, Defendants state that the contents of Exhibit A speak for themselves. Defendants expressly deny any allegations or characterizations that are inconsistent with the contents of Exhibit A.

14. Responding to the allegations in paragraph 14, Defendants are without information sufficient to admit or deny these allegations, and therefore, denies the same.

15. Responding to the allegations in paragraph 15, Defendants admit that they sent or caused to be sent a letter relating to a debt to Plaintiff Harris. All other remaining allegations and characterizations are expressly denied.

16. Responding to the allegations in paragraph 16, Defendants state that the contents of Exhibit B speak for themselves. Defendants expressly deny any allegations or characterizations that are inconsistent with the contents of Exhibit B.

17. Responding to the allegations in paragraph 17, Defendants admit that they sent or caused to be sent a letter relating to a debt to Plaintiff Eric Mattea. All other remaining allegations and characterizations are expressly denied.

18. Responding to the allegations in paragraph 18, Defendants state that the contents of Exhibit C speak for themselves. Defendants expressly deny any allegations or characterizations that are inconsistent with the contents of Exhibit C.

19. Responding to the allegations in paragraph 19, Defendants admit that they sent or caused to be sent a letter relating to a debt to Plaintiff Eric Mattea. All other remaining allegations and characterizations are expressly denied.

20. Responding to the allegations in paragraph 20, Defendants state that the contents of Exhibit D speak for themselves. Defendants expressly deny any allegations or characterizations that are inconsistent with the contents of Exhibit D.

## DEFENDANTS' ALLEGED ROUTINE PRACTICES

21. Responding to the allegations in paragraph 21, Defendants admit that letters are sent to certain debtors in an attempt to lawfully collect certain debts. The remaining allegations in paragraph 19 contain legal conclusions to which no response is required; to the extent a response is required, Defendants deny the same.

22. Responding to the allegations in paragraph 22, Defendant Regent states that it has employed Defendant Carruthers to lawfully collect certain debts. Defendant Regent further admits that a portion of its business is related to the purchase of consumer accounts in default. All other remaining allegations are denied.

23. Defendants deny the allegations in paragraph 23.

24. Defendants deny the allegations in paragraph 24.

25. Defendants deny the allegations in paragraph 25.

26. Defendants deny the allegations in paragraph 26.

27. Defendants deny the allegations in paragraph 27.

28. Defendants deny the allegations in paragraph 28. Further responding, paragraph 28 contains a legal conclusion that is not subject to admission or denial; to the extent a response is required, Defendants deny the same.

## PUTATIVE CLASS ALLEGATIONS

29. Responding to the allegations in paragraph 29, Defendants expressly deny that either of them committed any violation of the FDCPA. Further responding, a putative FDCPA class would be improper under the facts and applicable law governing this case.

30. Responding to the allegations in paragraph 30, Defendants expressly deny that either of them committed any violation of the NCPA. Further responding, a putative NCPA class would be improper under the facts and applicable law governing this case.

31. Defendants deny the allegations in paragraph 31.

32. Defendants deny the allegations in paragraph 32.

33. Defendants deny the allegations in paragraph 32.

34. Responding to the allegations in paragraph 34, Defendants deny that Plaintiffs will fairly and adequately represent the interests of the putative class members, particularly because a class should not be certified. Defendants are without sufficient information or knowledge to admit or deny whether Plaintiffs' counsel is "experienced in class actions and debt collection abuse cases." To the extent a response is required, Defendants deny that allegation.

35. Defendants deny the allegations in paragraph 35.

36. Defendants deny the allegations in paragraph 36. Further responding, paragraph 36 contains legal conclusions that are not subject to admission or denial; to the extent a response is required, Defendants deny the same.

37. Defendants deny the allegations in paragraph 37. Further responding, paragraph 37 contains legal conclusions that are not subject to admission or denial; to the extent a response is required, Defendants deny the same.

38. Responding to the allegations in paragraph 38, Defendants oppose Plaintiffs' request that the Court certify a hybrid class action.

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

39. Paragraph 39 incorporates the preceding paragraphs; likewise, Defendants incorporate their responses to paragraphs 1-38 as if fully set forth herein.

40. Defendants expressly deny all allegations and characterizations contained in paragraph 40. Further responding, paragraph 40 also contains legal conclusions that are not subject to admission or denial; to the extent a response is required, Defendants deny the same.

WHEREFORE, having fully responded to the allegations in Count I, Defendants pray that this Court dismiss Count I with prejudice to future actions, at Plaintiffs' costs, and for such other and further relief as the Court deems just and proper.

## COUNT II – CONSUMER PROTECTION ACT

41. Paragraph 41 incorporates the preceding paragraphs; likewise, Defendants incorporate their responses to paragraphs 1-40 as if fully set forth herein.

42. Defendants expressly deny the allegations in paragraph 42. Further responding, paragraph 42 also contains legal conclusions that are not subject to admission or denial; to the extent a response is required, Defendants deny the same.

43. Defendants deny the allegations in paragraph 43. Further responding, paragraph 43 contains legal conclusions that are not subject to admission or denial; to the extent a response is required, Defendants deny the same.

44. Defendants deny the allegations in paragraph 44.

WHEREFORE, having fully responded to the allegations in Count II, Defendants pray that this Court dismiss Count II with prejudice to future actions, at Plaintiffs' costs, and for such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Defendants demand a jury trial on all issues triable by jury.

## AFFIRMATIVE DEFENSES

1. The Amended Complaint fails to state a claim upon which relief may be granted under the FDCPA, the NCPA, or any other law.

2. Plaintiffs are not entitled to an award of actual damages, statutory damages, attorney's fees and costs, injunctive relief, or any other relief under the FDCPA or NCPA because any alleged violation by Defendants, which Defendants specifically deny, would be *de minimis* or inconsequential.

3. Defendants did not act in willful disregard of any requirements of any law.

4. Defendants acted in good faith with reasonable grounds to believe that their actions were not in violation of any law, including the FDCPA and NCPA, their actions were unintentional, and/or were the result of a bona fide error.

5. Plaintiffs' claims may be barred, in whole or in part, to the extent Plaintiffs failed to mitigate their damages, the existence of which damages Defendants specifically deny.

6. Plaintiffs' claims may be barred by the doctrine of laches, waiver, and/or estoppel because Plaintiffs have failed to timely assert their claims.

7. Plaintiffs' damages, if any, are the result of the actions of persons other than Defendants or whose conduct Defendants are not responsible.

8. Plaintiffs' claims are barred, in whole or in part, because Plaintiffs failed to exercise the due or ordinary care that a reasonable and ordinarily prudent person would exercise.

9. Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.

10. Plaintiffs' alleged damages, which Defendants specifically deny, are negated, in whole or in part, by the doctrine of set off and/or recoupment.

11. An award for punitive, exemplary, or any other special damages would violate Defendants' right to due process of law under the United States and Nebraska Constitutions.

12. Plaintiffs' alleged right to recovery is barred to the extent the alleged debts are not a consumer debt.

13. Plaintiffs' alleged right to recovery is barred to the extent the acts complained of did not violate the FDCPA or the NCPA.

14. Plaintiffs' claims are barred to the extent the acts complained of were the result of a mistake of fact.

15. Plaintiffs' request for class certification should be denied for failure to comply or satisfy the requirements in Federal Rules of Civil Procedure 23.

16. Plaintiffs' claims are barred, in whole or in part, to the extent that any Plaintiff or member of the putative class has filed for bankruptcy relief or otherwise does not own or have a valid interest in the claims asserted herein.

17. Defendants reserve the right to add further affirmative defenses as discovery and litigation of this case progresses.

WHEREFORE, having fully responded to the allegations contained in the Amended Complaint, Defendants pray that this Court dismiss the claims brought by Plaintiffs with prejudice to future actions, at Plaintiffs' costs, and for such other and further relief as the Court deems just and proper.

Dated this 3rd day of August, 2009.

                Respectfully submitted,

                SPENCER FANE BRITT & BROWNE LLP

                /s/ Joshua C. Dickinson
                Joshua C. Dickinson    NE # 23700
                9420 Underwood Ave., Suite 200
                Omaha, NE 68114
                (402) 965-8600
                FAX: (402) 965-8601
                email: jdickinson@spencerfane.com

                ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

This is to certify that on this 3rd day of August, 2009, the foregoing Answer was duly filed by the electronic ECF system and a copy was electronically served on the following counsel:

    Pamela A. Car
    William L. Reinbrecht
    Car & Reinbrecht, P.C., LLO
    8720 Frederick Street, Suite 105
    Omaha, NE 68124
    Attorneys for Plaintiffs

                /s/ Joshua C. Dickinson
                Attorney for Defendants