## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| LARAINE HARRIS & ERIC MATTEA,<br>On behalf of themselves and all others<br>similarly situated, | ) <br> ) <br> ) <br> ) | |
| | ) | **Case No.: 8:09-CV-154** |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| D. SCOTT CARRUTHERS & ASSOC.,<br>REGENT ASSET MANAGEMENT<br>SOLUTIONS, and UNITED<br>MANAGEMENT CORP., | ) <br> ) <br> ) <br> ) | |
| | ) | |
| Defendants. | ) | |

## RULE 30(b)(6) DEPOSITION NOTICE
## DUCES TECUM
## TO DEFENDANT REGENT ASSET MANAGEMENT SOLUTIONS

PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the

Federal Rules of Civil Procedure, on **November 23, 2009, beginning at 3:00 P.M.**

**local time and continuing until completed in the offices of Regent Asset**

**Management Solutions, 7920 Samuel Drive, Suite 300, Denver, CO (80221)**,

Plaintiff through counsel will take the **deposition of the designated witness(es)**

**for Defendant Regent Asset Management Solutions to be recorded**

**stenographically by Avery Woods Reporting, 455 Sherman Street, #250,**

**Denver, CO (80203).**

Unless otherwise specified in a particular paragraph, provide the

information and documents requested for **the time period June 4, 2005 through the present.**

"FDCPA" means the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.*

"NCPA" means the Nebraska Consumer Protection Act, Neb. Rev. Stat. §59-1601  *et seq.*

"Plaintiffs" or "Ms. Harris" or "Mr. Mattea" means Plaintiffs Laraine Harris and/or Eric Mattea.

"Carruthers" means Defendant D. Scott Carruthers & Associates

"Regent" means Defendant Regent Asset Management Solutions

"Defendants" means D. Scott Carruthers & Associates and Regent Asset Management Solutions

"Exhibit A" means Exhibit A attached to the First Amended Complaint ("FAC")(Document 13 herein)

"Exhibit B" means Exhibit B attached to the First Amended Complaint ("FAC")(Document 13 herein)

"Exhibit C" means Exhibit C attached to the First Amended Complaint ("FAC")(Document 13 herein)

"Exhibit D" means Exhibit D attached to the First Amended Complaint ("FAC")(Document 13 herein)

The designated representative(s) of Carruthers should be prepared to testify regarding:

1. The business structure of Regent;

2. The relationship between Carruthers and Regent.

3. The relationship between Defendants and Ms. Harris as well as Mr. Mattea;

4. The relationship between Carruthers and United Credit Management Corp.

5. The relationship between US Bank ND and Carruthers and Regent;

6. The relationship between Regent and United Credit Management Corp.

7. The business and practices of Carruthers;

8. The nature and extent of collection activities by Carruthers and Regent;

9. The practice and policy of Carruthers' record keeping regarding Ms. Harris and Mr. Mattea and the proposed class members;

10. The plain English meaning of the notations found in Defendants' account history notes for Ms. Harris and Mr. Mattea and the proposed class members;

11. The practice and policy of Carruthers' accounting of financial matters regarding Plaintiffs and the proposed class members;

12. All communications, written and/or oral, between Carruthers and Ms. Harris as well as Mr. Mattea and the proposed class members, including the date, participants, contents, etc.;

13.   All nonprivileged communications, written and/or oral, between Carruthers and Regent regarding Ms. Harris, Mr. Mattea and the class members, including the date, participants, contents, etc.;

14.   All nonprivileged reports between Regent and United regarding Ms. Harris, Mr. Mattea and the class members;

15.   The procedures used by the Defendants to distinguish between debts incurred for personal, family, or household purposes and debts incurred for business purposes;

16.   The use of Exhibits A, B, C, & D;

17.   The number of Nebraska residents to whom Exhibits A, B, C, &D were sent during the relevant time period;

18.   The amount Defendants collected in response to sending of Exhibits A, B, C, & D;

19.   The net worth of Regent and how it was calculated;

20.   The maintenance of procedures by Defendants reasonably adapted to prevent violation of the FDCPA,

21.   The maintenance of procedures by Defendants reasonably adapted to prevent violation of the NCPA,

22.   The supervision of Regent and its employees;

23.   Insurance maintained by Defendants for the claims raised in this litigation;

24.   All documents relating to Ms. Harris, Mr. Brown or the proposed class members.

25.   Defendants' Answer and Affirmative Defenses to Plaintiffs' Amended Complaint and Defendants' Answers to Plaintiffs' Discovery.

26.   Defendants' procedures for reporting consumer information to the credit bureaus.

27.   The drafting and content of defendants' collection letters referenced herein.

28.   Defendants' standard collection letters.

29.   Specifics of the collection notes for the Plaintiffs produced by the Defendants herein.

30.   Authorizations and assignments of accounts from the original creditors and ownership/control status of the alleged debts held against the Plaintiffs.

**Deponent must bring the following responsive documents to the deposition.**

31.   Any and all documents or other recordings pertaining to or referencing any allegations in Plaintiffs' Amended Complaint or the Answer made and Defenses raised by the Defendants.

32.   Any and all documents responsive to Plaintiffs' First Set of Interrogatories, Requests for Admissions, and Requests for Production of Documents.

33.   Copies of any and all policy manuals, procedure manuals, or other

documents which address Defendants' policies, practices, or procedures in the collection of debts from consumers, and specifically those materials that concern compliance with the law and the prevention of errors during the collection of consumer debt.

34.   Copies of the underlying signed agreement between Plaintiff and the creditor on whose behalf Defendants were acting in the attempt to collect the alleged debts from the Plaintiffs.

35.   Copies of all files on all Nebraska residents that received any of the letters attached to Plaintiffs' Amended Complaint as Exhibits A, B, C, and D.

36.   All records reflecting in any way the investigation that is alleged in Exhibits A, B, C, and D to Plaintiffs' Amended Complaint.

37.   All collection notes for each Nebraska resident sent letters in the form of Exhibits A, B, C, and D to the Plaintiffs' Amended Complaint.

38.   Copy of the complete files held by the Defendants with regard to the Plaintiffs.


Dated this 9th day of November, 2009.

Laraine Harris and Eric Mattea, On
Behalf of themselves and all others
Similarly situated, Plaintiffs


By: */s/William L. Reinbrecht*
    William L. Reinbrecht, #20138
    Pamela A. Car
    Car & Reinbrecht, P.C., LLO
    8720 Frederick Street, Suite 105
    Omaha, NE 68124
    Attorneys for the Plaintiffs and
    The Putative Class


### Certificate of Service

I hereby certify that on November 9, 2009, I electronically filed the foregoing with the Clerk of court using the CM/ECF system which will send notification of such filing to the following:

Joshua C. Dickinson
SPENCER FANE BRITT & BROWN, LLP
9420 Underwood Avenue, Suite 200
Omaha, NE 68114

And hereby certify that the foregoing was also sent by facsimile, by email, and mailed by United States Postal Service, postage prepaid the document to the following:

NONE

_/s/William L. Reinbrecht_
William L. Reinbrecht, #20138
Car & Reinbrecht, P.C., LLO
8720 Frederick Street, #105
Omaha, NE 68124
(402) 391-8484
Fax: (402) 391-1103
E-mail: pacwlr@earthlink.net