IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
LARAINE HARRIS and ERIC MATTEA,    )
on behalf of themselves and all    )
others similarly situated,         )
                                   )
                Plaintiffs,        )     8:09CV154
                                   )
     v.                            )
                                   )
D. SCOTT CARRUTHERS & ASSOC.,      )     ORDER
REGENT ASSET MANAGEMENT SOLUTIONS, )
and UNITED CREDIT MANAGEMENT CORP.,)
                                   )
                Defendants.        )
_____)
```

**INTRODUCTION**

This matter is before the Court on plaintiffs Laraine Harris' and Eric Mattea's motion to compel discovery responses from defendants D. Scott Carruthers & Associates and Regent Asset Management Solutions (Filing No. 34). The defendants also filed a motion for leave to file a surreply brief (Filing No. 70), responding to plaintiffs' reply brief supporting the motion to compel (Filing No. 64).[1]

As a preliminary matter, the Court will grant the defendants' motion to file a surreply brief. After reviewing the briefs, evidentiary submissions, and the applicable law, the Court will grant in part and deny in part the plaintiffs' motion to compel.

---

[1] The Court withholds judgment on the plaintiffs' motion to inspect (Filing No. 36), the defendants' motion to strike (Filing No. 62), and plaintiffs' motions to compel relating to depositions (Filing Nos. 75 & 83).

**BACKGROUND**

The plaintiffs filed this action pursuant to Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., and the Nebraska Consumer Protection Act, Neb. Rev. Stat. § 59-1601 et seq. The plaintiffs seek to have the action certified as a class action, and the current discovery efforts are made in connection with the class action certification hearing scheduled to occur on March 15, 2010.

On August 25, 2009, the plaintiffs served upon the defendants a first set of discovery requests consisting of requests for admissions ("ROA"), interrogatories, and requests for production of documents ("RPD"). Although the defendants' responses to these discovery requests were due within thirty days, the Court granted permission to the defendants to file their responses by October 9, 2009.

On October 9th, the defendants delivered a set of responses to the plaintiffs' discovery requests (*See* Defendants' Responses, Filing No. 35-3, Exhibit A). Suffice it to say, the plaintiffs found some of the defendants' responses to be lacking and filed the motion to compel now before the Court. In their motion to compel, the plaintiffs object to the responses the defendants gave to the following inquiries:

- ROA Nos. 3, 4, 25-28, 31-34, and 39-53;
- Interrogatories Nos. 1, 5, 9, 10, 13, 16, and 17; and
- RPD Nos. 3, 17, and 20-23

(*See generally* Filing No. 34).  The defendants filed a brief (Filing No. 50), opposing the plaintiffs' motion to compel.

## MOTION TO COMPEL

Fed. R. Civ. P. 37(a)(3)(B) provides: "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection."  The plaintiffs argue that some of the answers the defendants provided in response to the plaintiffs written discovery inquiries are incomplete.  Under Rule 37(a)(4), incomplete answers "must be treated as a failure to disclose, answer, or respond."

### A.   Requests for Admission

The plaintiffs seek to have the defendants "fully respond" to ROA Nos. 3, 4, 25-28, 31-34, and 39-53.  The defendants argue ROA Nos. 3, 4, and 31-34 each impermissibly seek to have the defendants admit legal conclusions.  ROA Nos. 3 and 4 seek to have the defendants admit that the defendants are "debt collectors as that term is contemplated in [15 U.S.C.] § 1692a(6)."  A party cannot be compelled to make an admission of a pure matter of law.  *See* Fed. R. Civ. P. 36 advisory committee's 1970 Amendment note on subdivision (a) ("The amended provision does not authorize requests for admissions of law unrelated to the facts of the case."); 8A Charles A. Wright et al., Federal Practice & Procedure § 2255, at 534 (2d ed. 1994).  The Court finds ROA Nos. 3 & 4 each seek to have the defendants make admissions that are purely legal in nature.  Thus the Court will

not compel the defendants to make further responses to ROA Nos. 3 and 4.

The defendants make the same argument that ROA Nos. 31-34 seek legal admissions from the defendants. ROA Nos. 31-34 seek to have the defendants admit that the debts noted in Exhibits A-D of the Amended Complaint were incurred primarily for personal, family, or household purposes. Unlike ROA Nos. 3 and 4, ROA Nos. 31-34 do not seek to have the defendants admit to a legal conclusion, but rather only seek to have the defendants answer a factual inquiry. Therefore, since the defendants need not admit to a legal conclusion by answering these ROAs, the Court will compel the defendants to answer ROA Nos. 31-34.

The plaintiffs also seek to have the defendants provide more definite answers to ROA Nos. 25-28 and 39-53. These ROAs request the defendants admit that Exhibits A-D of the Amended Complaint are true and correct copies of letters the defendants sent to the plaintiffs (Nos. 25-28) or to have the defendants admit that Exhibits A-D were sent to between at least fifty to 1000 Nebraska residents (Nos. 39-53). To all of these ROAs, the defendants responded: "Following a reasonable inquiry, Defendants' information is insufficient to either admit or deny."

With regard to ROA Nos. 25-28, the Court finds absurd the defendants' contention that they cannot verify whether Exhibits A-D are true and correct copies of the letters sent to the plaintiffs. Similarly absurd is the defendants contention that they have insufficient information to answer ROA Nos. 39-

-4-

53.[2]  Accordingly, the Court will compel the defendants to answer to ROA Nos. 25-28 and 39-53.

**B.   Interrogatories**

The plaintiffs also seek to have the Court compel the defendants to resubmit answers to Interrogatory Nos. 1, 5, 9, 10, 13, 16, and 17.  With regard to Interrogatory No. 1, which seeks to have the defendants provide the "number, names and addresses of Nebraska residents to whom [letters similar to Exhibit A-D of the Amended Complaint] were sent" from April 29, 2005, to present, the Court finds the defendants have not sufficiently answered this interrogatory and should provide this information to the plaintiffs.  Accordingly, the Court will compel the defendants to answer further Interrogatory No. 1.

Regarding Interrogatory No. 5, which seeks to have the defendants describe "all collection activities which defendants were authorized to perform in Nebraska on behalf of Regent and/or United on or after April 29, 2005," the Court finds this

---

[2] Despite the defendants' contention that information relating to the Nebraska residents they contacted does not exist, logic would dictate that this information is stored somewhere in the defendants' records.  We live in a time in which the storing and tracking of information has never been easier, due to the rise of electronic means of data storage.  *See generally* Joshua Gilliland & Thomas Kelley, *Modern Issues in eDiscovery*, 42 Creighton L. Rev. 505, 507, 511-12 (2009) (discussing issues pertaining to discovery of electronically stored information).  To contend, as the defendants do, that they obtained debt collection information about certain Nebraska debtors, assigned file numbers to these debtors (*see* Amended Complaint, Filing Nos. 13-2, Exhibits A-D), sent repeated letters to those debtors (*e.g.*, Laraine Harris), and thereafter did not retain information that contained, at a minimum, the debtors' contact information pushes the bounds of rational thought.

interrogatory to be impermissibly over-broad.  *See In re Urethane Antitrust Litigation*, 261 F.R.D. 570, 576 (D. Kan. 2009) ("A request may be overly broad on its face if it is couched in such broad language as to make arduous the task of deciding which of numerous documents may conceivably fall within its scope." (internal quotation omitted)).  Therefore, the Court will not compel the defendants to respond further to this interrogatory.

Regarding Interrogatories Nos. 9 and 10, the defendants properly responded to these interrogatory that they would produce responsive, non-privileged documents to the plaintiffs at a mutually convenient time and place.  *See* Fed. R. Civ. P. 33(d).  Therefore, the Court will not compel the defendants to respond further to these interrogatories.[3]

The plaintiffs also object to the defendants response to Interrogatory No. 13.  This interrogatory seeks to have the defendants "fully describe the computer hardware, software storage media" the defendants used "to store data for both active and inactive accounts relating to alleged debts of the class members."  In response to Interrogatory No. 13, the defendants provided a three page long table purporting to describe these systems.  The Court finds the defendants' response to be incomprehensible, and accordingly will compel the defendants to further respond to this interrogatory.  In their new response, the defendants are to provide a detailed description of the

---

[3] The Court finds Interrogatories 9 and 10 are not overly broad, and rejects the defendants assertion that they cannot answer these interrogatories because they are overly broad.

electronic data storage system they used to store the types of information that relate to potential class members. The defendants response shall be in narrative form, shall define all acronyms, and shall otherwise be written so as to be comprehensible to an ordinary person who lacks advanced knowledge of electronic data storage systems.

Regarding Interrogatory No. 16, which seeks to have the defendants "[s]tate every factual basis for each answer to Plaintiffs' Request for Admissions that is not an unqualified admission," the Court will not compel the defendants to respond further to this interrogatory. It would be redundant to require the defendants to restate in their interrogatory responses the bases on which they do not fully admit the plaintiffs' ROAs.

For Interrogatory No. 17, which seeks to have the defendants "[s]tate every facutal basis for each affirmative defense raised in [the defendants'] answer filed in this matter," the Court finds this interrogatory is premature at this stage of the case, as the current discovery efforts are limited to the purpose of establishing whether the plaintiffs may certify the action as a class action. Accordingly, the Court will not compel the defendants to resubmit answers to this interrogatory.

### C.   Requests to Produce Documents

The plaintiffs further seek to have the defendants produce documents that conform with RPD Nos. 3, 17, and 20-23. Regarding RPD No. 3, which seeks to have the defendants produce "all documents showing the number, names and addresses of

-7-

Nebraska residents that were sent letters similar to [Exhibit A-D of the Amended Complaint]" from April 29, 2005, to present, the Court finds this request is permissible.  For the reasons stated above,[4] the Court will compel the defendants to produce documents conforming to RPD No. 3.

With regard to RPD Nos. 20 and 21, which request the defendants to "produce all materials of any kind that reflect any agreements between the defendants and the sellers of the alleged debt purchased by any defendant" (No. 20) or to "produce all materials of any kind that reflect any agreements between the defendants relating to the alleged debt purchased by any defendant" (No. 21), the defendants contend these requests are overly broad.  The Court finds these requests are over-broad and will not compel the defendants to make further disclosures. *Urethane*, 261 F.R.D. at 576.

With regard to RPD No. 17, 22, and 23, the Court finds these RPDs are premature, as they seek information relating to the amounts of money the defendants collected from Nebraska residents (No. 17) and the amounts of "attorneys fees" collected from Nebraska residents (Nos. 22 and 23).  While these RPDs may become germane upon the Court certifying the case as a class action, they are premature at this stage of the litigation.  Therefore, the Court will not compel the defendants to provide further information at this time relating to these RPDs.

---

[4] *See supra* note 2.

IT IS ORDERED:

1) The defendants' motion to file a surreply brief (Filing No. 70) is granted;

2) The plaintiffs' motion to compel (Filing No. 34) is granted in part and denied in part:

    a. The defendants will provide further responses to the following written discovery requests:

        i. Requests for Admission Nos. 25, 26, 27, 28, 31, 32, 33, 34, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, and 53;

        ii. Interrogatories Nos. 1 and 13;

        iii. Request for Production of Documents No. 3

    b. The motion is denied in all other respects.

DATED this 9th day of February, 2010.

                BY THE COURT:

                /s/ Lyle E. Strom
                _____
                LYLE E. STROM, Senior Judge
                United States District Court