IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
LARAINE HARRIS and ERIC MATTEA,    )
on behalf of themselves and all    )
others similarly situated,         )
                                   )
              Plaintiffs,          )       8:09CV154
                                   )
         v.                        )
                                   )
D. SCOTT CARRUTHERS & ASSOC.,      )       MEMORANDUM AND ORDER
REGENT ASSET MANAGEMENT SOLUTIONS, )
and UNITED CREDIT MANAGEMENT CORP.,)
                                   )
              Defendants.          )
_____)
```

This matter is before the Court on the parties' Joint Motion for Approval of Injunctive Relief Class Settlement and Individual Monetary Relief Settlement and Attorney Fees (Filing No. 136) ("Joint Motion"). The parties seek to have the Court enter an order "dispensing with notice to class members and approving the settlement agreement herein" (Joint Motion, Filing No. 136, at 4).

The Court notes an apparent discrepancy between the Joint Motion and the Class Action Settlement Agreement and Release (Filing No. 137-1) ("Agreement"). The parties represent in the Joint Motion that under the Agreement "[t]he NCPA injunctive relief claims of the class shall be dismissed with prejudice and the NCPA monetary claims shall be dismissed *without prejudice*" (Joint Motion ¶ 3 (emphasis added)). However, paragraph (H)(3) of the Agreement states: "The NCPA claims of the Class and the Plaintiffs shall be dismissed *with prejudice* with the agreement of the Defendants pursuant to the injunctive

relief available under the NCPA that the challenged practices of sending letters to residents of the state of Nebraska in the form of Exhibits A, B, C, and/or D have permanently ceased (Filing No. 13)" (Agreement, Filing No. 137-1, ¶ (H)(3) (emphasis added)). Further, under paragraph (M), the Agreement states: "[T]he parties shall request that the Court enter an Order: . . . 5) dismissing the NCPA claims of both Plaintiffs and the Class *with prejudice*."

As can be seen from the above-quoted text, there is an apparent discrepancy between the Joint Motion and the Agreement. The Joint Motion represents the NCPA class' injunctive relief claim is the only NCPA claim to be dismissed with prejudice, but the Agreement's terms indicate *all* of the NCPA class' claims are to dismissed with prejudice, including the class' claims for monetary relief.[1]  *See* Amended Complaint, Filing No. 13, at 11 (seeking actual damages and statutory damages, in addition to injunctive relief, for defendants' alleged violations of the NCPA pursuant to Neb. Rev. Stat. § 59-1609).  If the terms of the Agreement were to be given effect by the Court, resulting in the dismissal with prejudice of all the NCPA class' claims, then notice of the proposed settlement must be given to the NCPA class

---

[1] Paragraph (L) of the Agreement states: "The NCPA claim (Injunctive Relief) is dismissed with prejudice as to all plaintiffs and class members as Defendants have agreed to cease sending the challenged letters pursuant to the injunctive relief provided in the NCPA."  While this provision of the Agreement clearly indicates the parties wish to dismiss the NCPA class's injunctive relief claim with prejudice, it does not negate the other provisions in the Agreement which state the "NCPA claim<u>s</u>" will be dismissed with prejudice.

members, as the proposed settlement would bind them.  *See* Fed. R. Civ. P. 23(e)(1) ("The court must direct notice . . . to all class members who would be bound by the proposal."). Accordingly,

IT IS ORDERED:

1)  The parties shall file a joint statement by Monday, January 3, 2011, clarifying whether under the Agreement the parties intend for all NCPA claims in the case to be dismissed with prejudice or for only the NCPA claim seeking injunctive relief to be dismissed with prejudice;

2)  If the parties intend only for the NCPA claim seeking injunctive relief to be dismissed with prejudice, the parties shall execute an amended Agreement reflecting this and clearly stating the NCPA claims other than for injunctive relief are to be dismissed without prejudice.  This amended Agreement shall be filed concurrently with the parties' joint statement;

3)  Alternatively, if the parties believe the present Agreement, as interpreted by the Court, reflects the parties' intent, the Court will require the parties to direct notice to the NCPA class members and will conduct a hearing pursuant to Fed. R. Civ. P. 23(e).

DATED this 27th day of December, 2010.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court