IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| LARAINE HARRIS and ERIC MATTEA, On behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>D. SCOTT CARRUTHERS & ASSOC., REGENT ASSET MANAGEMENT SOLUTIONS, and UNITED CREDIT MANAGEMENT CORP.,<br><br>Defendants. | Case No.: 8:09-CV-154 |

**ORDER GRANTING FINAL APPROVAL OF CLASS SETTLEMENT AND FINAL JUDGMENT AND FOR THE AWARD OF CLASS COUNSELS' FEES AND COSTS**

THIS MATTER comes before the Court on the 21st day of January, 2011, upon the Parties' Joint Stipulation for Approval of the Settlement Agreement (Filing No.136) and Joint Clarification thereof. (Filing No.139)  The Court finds as follows:

The Settlement Agreement and Release ("Agreement") (Filing No. 137-1) is entered into by and between Plaintiffs Laraine Harris ("Plaintiff Harris") and Eric Mattea ("Plaintiff Mattea")(collectively "Plaintiffs"), individually and on behalf of the Class defined below, and Defendants D. Scott Carruthers & Associates ("Carruthers"), Regent Asset Management Solutions, Inc. ("Regent") collectively ("Defendants").

1

1.      **The FDCPA Class**

(i)     All persons with addresses in Nebraska,
(ii)    to whom Defendants sent, or caused to be sent, any letter in the form of Exhibits A, B, C, and/or D, (See Filing No. 13)
(iii)   in an attempt to collect an alleged debt,
(iv)    which, as shown by the nature of the alleged debt, Defendants' records, or the records of the original creditors, was primarily for personal, family, or household purposes,
(v)     during the period one year prior to the date of filing this action.

2.      **The NCPA Class**

(i)     All persons with addresses in Nebraska,
(ii)    to whom Defendants sent, or caused to be sent, any letter in the form of Exhibits A, B, C, and/or D, (See Filing No. 13)
(iii)   in an attempt to collect an alleged debt,
(iv)    which, as shown by the nature of the alleged debt, Defendants' records, or the records of the original creditors, was primarily for personal, family, or household purposes,
(v)     during the period four years prior to the date of filing this action.

3. **Relief to Plaintiffs, the Class Representatives, and the Class**

   **A.** Plaintiff Harris  Defendants shall pay Plaintiff Harris a total of one thousand dollars ($1,000.00) as statutory damages under the FDCPA, and five hundred dollars ($500.00) for her service as a Class Representative for the NCPA Class.  The individual FDCPA claim of Plaintiff Harris is dismissed with prejudice and the class members' FDCPA claims are dismissed without prejudice.

   B. **B. Plaintiff Mattea**   Defendants shall pay Plaintiff Mattea a total of one thousand dollars ($1,000.00) as statutory damages under the FDCPA, and five hundred dollars ($500.00) for his service as a Class Representative for the NCPA Class. The individual FDCPA claim of Plaintiff Mattea is dismissed with prejudice and the class members' FDCPA claims are dismissed without prejudice.

4. **NCPA Claims of the Class and the Plaintiffs**

All monetary NCPA claims of the class are dismissed without prejudice. The named Plaintiffs' individual NCPA claims are dismissed with prejudice. The NCPA injunctive relief claims of the Class and the Plaintiffs are dismissed with prejudice with the agreement of the Defendants pursuant to the injunctive relief available under the NCPA that the challenged practices of sending letters to residents of the state of Nebraska in the form of Exhibits A, B, C, and/or D have permanently ceased. (Filing No. 13) Only the NCPA claim seeking injunctive relief is dismissed with prejudice as to the Class.

5. **FDCPA Claims of the Class**

All FDCPA claims of the Class are dismissed without prejudice.

6. **Attorneys Fees and Litigation Costs**

Subject to Court approval, and based on the Stipulation between the parties and filed herein, Defendants shall pay Class Counsel a total of thirteen thousand dollars ($13,000.00) for reasonable attorneys' fees and litigation costs. Class Counsel will not request or accept additional fees or costs from Defendants or the Class.

7. **Payments by Defendants**

Based on the above the total settlement is for sixteen thousand dollars. ($16,000.00). That is the maximum payment to be paid by Defendants herein. The proceeds of the settlement shall be paid to the named Plaintiffs by and through Class Counsel's trust account as follows: Defendants will pay five thousand dollars ($5,000.00) within five business days of full execution and final approval of this Settlement Agreement, five thousand dollars ($5,000.00) thirty days thereafter; and six thousand dollars ($6,000.00) sixty days after the first payment. The Court

retains jurisdiction for the purpose of enforcement of the payment schedule herein.  If any payment is not received as scheduled, Class Counsel shall send written notice to counsel of record for Defendants to afford an opportunity to cure, Defendants will be subject to "contempt of Court" sanctions in the event any payment is five (5) or more days past written notice.

IT IS ORDERED:

1. The Parties' Settlement Agreement is approved as fair, reasonable, and adequate;

2. The Attorneys' Fees and costs of Plaintiffs' Counsel are approved in the amount of $13,000.00;

3. Defendants shall pay Plaintiff Harris $1,000.00 for her statutory damages under the FDCPA, and $500.00 for her services as class representative for the NCPA Class;

4. Defendants shall pay Plaintiff Mattea $1,000.00 for his statutory damages under the FDCPA, and $500.00 for his services as class representative for the NCPA Class;

5. The FDCPA claims of the named Plaintiffs are dismissed with prejudice, and the FDCPA claims of the Class are dismissed without prejudice;

6. All of the NCPA claims of the named Plaintiffs (Monetary & Injunctive Relief) are dismissed with prejudice;

7. The monetary claims of the Class under the NCPA are dismissed without prejudice; and

8. All claims against the unserved Defendant, United Credit Management Corp. are dismissed with prejudice.  The Court hereby retains jurisdiction of this matter in order to resolve any disputes, which may arise in the implementation of the Settlement Agreement or the implementation of the Final Judgment and Order.  This Court maintains continuing jurisdiction for purposes of supervising the implementation of the Settlement Agreement and supervising the

distribution and allocation of the settlement fund.  Final Judgment is entered in accordance with this order.

DATED this 21st day of January, 2011.

BY THE COURT:

/s/ Lyle E. Strom

_____
Lyle E. Strom, Senior Judge
United States District Court

5